IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON R. ODEM, on his own behalf, and on behalf of those similarly situated, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 3-08CV1196-L |
| CENTEX HOMES, INC., A Florida Corporation | § § § § | |
| Defendant. | § | |

**JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN**

Plaintiff Jason Odem ("Plaintiff" or "Odem") and Defendant Centex Homes, a Nevada General Partnership ("Centex Homes" or "Defendant") (collectively "the Parties") file this Joint Status Report and Proposed Discovery Plan pursuant to the Court's order dated August 7, 2008, the Federal Rules of Civil Procedure, and the Local Rules of the Northern District of Texas:

**I.
PROPOSED DISCOVERY PLAN**

A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

No changes are necessary in the timing, form, or requirement for disclosures under Rule 26(a). The parties provided their initial disclosures on or about April 25, 2008.

B. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues.**

Plaintiff intends to conduct discovery and depositions on, among other topics, the identity of witnesses with knowledge of Plaintiff's claims or Defendant's defenses and the basis of such knowledge, the identity of other "similarly situated" employees to Plaintiff, the manner in which Plaintiff was paid and the person(s) responsible for making the decision

to pay Plaintiff in that regard, enterprise coverage under the FLSA, hours worked by Plaintiff for Defendant during his employment, amounts paid to Plaintiff during his employment with Defendant, Plaintiff's pay and time records, Defendant's pay policies and procedures, and Defendant's prior efforts to comply with the FLSA.

Defendant intends to conduct discovery and depositions on, among other issues, Plaintiff's job duties and responsibilities, the job duties and responsibilities of individuals who sign Notices of Consent to Join, hours allegedly worked by Plaintiff and other individuals who sign Notices of Consent to Join, Plaintiff's alleged damages, any alleged damages for other individuals who sign Notices of Consent to Join, Plaintiff's ability to appropriately serve as a class representative, the fee agreement/arrangement between Plaintiff and Plaintiff's counsel, and the fee agreement/arrangement between any individuals who opt in to this litigation as plaintiffs and Plaintiff's counsel.

Discovery should be completed by **April 20, 2009**.

Discovery does not need to be conducted in phases or limited to or focused on particular issues.

C.  **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

   None at this time.

D.  **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

   None at this time.

E.  **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

   None, but the Parties note that they will either jointly agree to more depositions than are permitted by FED. R. CIV. P. 30(a)(2)(A) or that the party interested in taking additional depositions will seek leave of court.

F.  **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

   The parties anticipate that protective orders under Rule 26(c) may be necessary in order to protect the disclosure of confidential, private, and/or proprietary information.

   The parties to not anticipate the need for orders under Rule 16(b) or (c).

## II.
## STATUS REPORT

*1.  A brief statement of the nature of the case, including the contentions of the parties*

### A.  <u>Plaintiff's Contentions</u>

Plaintiff's contentions are described in Plaintiff's Complaint. Plaintiff contends that he, the Opt-In Plaintiffs, and other similarly situated Field Managers of Defendant were improperly classified as exempt employees under the FLSA and not paid overtime compensation work performed in excess of forty (40) hours per workweek.

Plaintiff contends this matter is appropriate for a collective action as Plaintiff and Opt-In Plaintiffs are similarly situated to each other and other Field Managers employed by Defendant. Specifically, Plaintiff contends he, the Opt-In Plaintiffs and the similarly situated Field Managers performed similar non-exempt work and worked more than forty (40) hours per week without being properly compensated.

Plaintiff reserves the right to provide additional information and assert specific factual allegations as litigation progresses.

### B.  <u>Defendant's Contentions</u>

Defendant's contentions and affirmative defenses are outlined in Defendant's Original Answer and in any subsequent amended answer and/or counterclaim filed during this litigation.  In addition, in sum, Defendant contends that Plaintiff, Opt-In Plaintiffs, and other individuals employed by Defendant in the position of Field Manager were properly classified as exempt employees under the FLSA.  The basis for their exempt status is that their job duties met the requirements of the Administrative, Highly Compensated Employee and/or Executive exemptions.

This matter is not appropriate for certification or treatment as a collective action. Plaintiff and Opt-In Plaintiffs are not similarly situated to each other or other Field Managers employed by Centex Homes.  The job duties and requirements for Field Managers differ due to a number of factors including, but not limited to: the division and neighborhood of Centex Homes they were assigned to; the practices of region/division management, the type of homes in their assigned community, the number of homes in a community, the stage in the development of the community, labor force issues, building material issues, market conditions, the preferences and temperament of the individual supervising the Field Managers, weather conditions, local building processes and the individual Field Manager's level of experience. In addition, a number of Field Managers had different or expanded roles as compared to other Field Managers.

The collective job duties and responsibilities of the Plaintiff and Opt-In Plaintiffs included, but were not limited to: management of the development of their assigned neighborhood; managing subcontractors and their personnel; managing the schedules of

subcontractors and vendors; managing quality control (including, but not limited to, the monitoring, inspection, and resolution of quality issues); managing safety and environmental compliance (including, but not limited to, monitoring and ensuring safety and environmental compliance); managing warranty claims; selecting appropriate subcontractors for certain work to be performed; negotiating prices with vendors and subcontractors; assessing damage caused by subcontractors, identifying the responsible party and determining appropriate amounts to be back-charged to subcontractors; managing costs and expenditures for labor, materials, and other items; managing customer relationships and handling customer issues and complaints; and preparing and revising budgets. When not making entirely independent decisions, Plaintiff and Opt-In Plaintiffs were involved in making recommendations regarding such issues as: changes to plans, materials, and budgets; the hiring, continued use of, and termination of subcontracting companies; how to handle major warranty, repair, quality, or customer issues that arose. Plaintiff and Opt-In Plaintiffs were not expected to spend any significant amount of time performing manual labor and, if they performed their jobs properly, they should not have done so.

The primary duty of Plaintiff and Opt-In Plaintiffs while they were employed as Field Managers was to manage the development of home communities – non-manual work directly related to the management or general business operations of Defendant. In managing the development of Defendant's housing communities, Plaintiff and Opt-In Plaintiffs regularly exercised discretion and independent judgment with respect to matters of significance.

Defendant reserves the right to assert such other and further defenses as may become known to it through the course of discovery or otherwise.

2.  *Any challenge to jurisdiction or venue*

    Plaintiff

    None at this time.

    Defendant

    None at this time.

3.  *Any pending or contemplated motions and proposed time limits for filing motions*

    Defendant's Motion for Leave to File Multiple Motions for Summary Judgment is currently pending.

    The parties suggest the following deadlines for other motions:

    - Motion for Conditional Certification of Collective Action: **November 7, 2008**

- Response to Motion for Conditional Certification of Collective Action: **December 8, 2008**

- For other motion deadlines, the parties will submit a supplemental Joint Status Report and Discovery Plan after the Court has entered an order on Plaintiff's Motion for Conditional Certification of Collective Action.

4. *Any matters which require a conference with the court*

    None at this time.

5. *Likelihood that other parties will be joined*

    Defendant does not anticipate joining other parties.

    Plaintiff will likely join parties and move for conditional class certification.

6. *(a) An estimate of the time needed for discovery, with reasons*

    The Parties suggest a discovery deadline of **April 20, 2009**, because this case was pled by Plaintiff as a nationwide collective action and discovery will be extensive.

    *(b) A specification of the discovery contemplated*

    The Parties' proposed discovery plan addresses this matter.

    *(c) Limitations, if any, that should be placed on discovery*

    Number of Depositions: The number of depositions shall be limited to ten depositions per side in accordance with FED. R. CIV. P. 30(a)(2)(A) and 31(a)(2)(A), unless otherwise ordered by the Court or agreed to by the Parties. The Parties anticipate the possibility of additional depositions and will attempt to agree to such depositions, if necessary. To the extent such an agreement cannot be reached, the party seeking additional depositions will move for an extension of the number of depositions permitted by FED. R. CIV. P. 30(a)(2)(A) and 31(a)(2)(A).

    Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

7. *A statement that counsel have read the <u>Dondi</u> decision, 121 F.R.D. 284 (N.D. Tex. 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002*

Counsel for both Parties are in compliance with this requirement.

8. *Requested trial date, estimated length of trial, and whether a jury has been demanded*

   Requested Trial Date:  **September 14, 2009**

   Estimated Length of Trial:  2 weeks

   Jury Demanded:  Yes

9. *Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge Paul D. Stickney per U.S.C. §626(c).*

   The Parties do not consent to trial before Magistrate Judge Paul D. Stickney.

10. *Prospects for settlement, and status of any settlement negotiations*

    The Parties are open to the prospect of settlement.  Settlement negotiations have not yet occurred.

11. *Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective*

    The parties are agreeable to mediation and believe that any court-ordered mediation would be most effective at the close of discovery.

12. *Any other matters relevant to the status and disposition of this case*

    None at this time.

Respectfully submitted,

SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida  33432
Telephone:  561.447.8888
Facsimile:  561.447.8831

*/s/ Lauren G. Dreilinger*
Gregg I. Shavitz
FL Bar Number 11398
gshavitz@shavitzlaw.com
Lauren G. Dreilinger
NY Bar Number 750288890
ldreilinger@shavtizlaw.com

ATTORNEYS FOR PLAINTIFF

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Lock Box 116
Dallas, Texas  75201
Telephone:  (214) 880-8100
Facsimile:  (214) 880-0181

LITTLER MENDELSON, P.C.
4767 New Broad Street
Orlando, Florida 32814
Telephone:  (407) 514-2637
Facsimile:  (407) 514-2638

*/s/ Scott C. Sherman*
 Steven R. McCown
TX Bar Number 13466500
smccown@littler.com
Jennifer A. Youpa
TX Bar Number 01383400
jyoupa@littler.com
Allan G. King
TX Bar Number 11433200
aking@littler.com
Jeffrey B. Jones (pro hac vice)
FL Bar Number 0039950
jbjones@littler.com
Scott C. Sherman
TX Bar Number 24041906
ssherman@littler.com
Kimberly R. Miers
TX Bar Number 24041482
kmiers@littler.com

ATTORNEYS FOR DEFENDANT