IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON R. ODEM, on his own behalf,** § | | |
| **And on behalf of those similarly situated,** § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | **CASE NO. 3-08cv1196-L** | |
| § | | |
| **CENTEX HOMES, INC., a Florida** § | | |
| **corporation,** § | | |
| Defendant. § | | |

**DEFENDANT'S MOTION AND BRIEF IN SUPPORT OF ITS OBJECTIONS
TO THE MAGISTRATE JUDGE'S ORDER FILED ON APRIL 29, 2009**

Pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72, Defendant Centex Homes, a Nevada General Partnership[1] submits the following Objections to the Magistrate Judge's Order Filed on April 29, 2009.

**I.   INTRODUCTION**

Magistrate Judge Paul D. Stickney filed an Order ("the Order") on April 29, 2009[2] conditionally certifying a class under the Fair Labor Standards Act ("FLSA") and facilitating notice to thousands of potential class members that is erroneous and contrary to controlling law recognized in the Magistrate Judge's Order. **The Order recognizes that a heightened standard of review is appropriate because discovery in this case is substantially complete, but inexplicably and erroneously applies a lenient standard.** The Order does so without addressing how the Court will overcome the significant class management problems that remain unrefuted by Plaintiff or explaining how further discovery will eliminate the insurmountable

---

[1] Defendant was improperly named in Plaintiff's Complaint and Demand For Jury Trial as "Centex Homes, Inc." The entity that employed Plaintiff, and thus the proper entity to be named Defendant in this litigation, is "Centex Homes, a Nevada General Partnership."

[2] The Order was served, via ECF notice, on April 30, 2009.

**DEFENDANT'S MOTION AND BRIEF IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE
JUDGE'S ORDER                                                                                                              Page 1**

problems that have already been identified. The Magistrate Judge's Order additionally fails to address the inappropriateness of conditionally certifying a class under the FLSA when discovery is substantially complete and it is apparent that (1) this case is too complex to be tried in a representative fashion, (2) Plaintiff is not an adequate class representative and (3) there has been no examination, much less finding, regarding whether Plaintiff's attorneys will adequately and fairly represent the interests of the class.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Jason Odem filed his Original Complaint on January 24, 2008, on behalf of himself and other allegedly similarly situated employees of Defendant Centex Homes. Plaintiff alleges that he and all employees working in the positions of Field Manager I, Field Manager II, and Field Manager III were misclassified as exempt employees under the FLSA, and that they should have been classified as "non-exempt" and paid overtime compensation. On September 2, 2008, the parties submitted a Joint Status Report and Proposed Discovery Plan ("Proposed Discovery Plan"). In the Proposed Discovery Plan, the parties agreed that, "[t]he number of depositions shall be limited to ten depositions per side, in accordance with FED. R. CIV. P. 30(a)(2)(A) and 31(a)(2)(A), unless otherwise ordered by the Court or agreed to by the parties."[3] To date, Plaintiff has deposed six individuals, including Centex's corporate representatives and Defendant has deposed Plaintiff and six of the opt-in plaintiffs. In addition, both parties have exchanged extensive written discovery including interrogatories, requests for production, and requests for admissions. By November 2008, over 11,000 pages of documents had already been exchanged.

Plaintiff filed an Opposed Motion for Conditional Certification of an FLSA Collective Action and for an Order Permitting Court-supervised Notice of this Action to Potential Opt-in

---

[3] *See* Court's Docket Entry No. 53.

Plaintiffs on November 7, 2008. The Magistrate Judge granted Plaintiff's Motion on April 29, 2009 and the parties were served with the Magistrate Judge's Order the following day, on April 30, 2009.

### III. INCORPORATION BY REFERENCE

The substantive issues before the Court have been extensively briefed by Defendant, and voluminous evidence has been provided in support of Defendant's position. In an effort to avoid unnecessarily duplicative briefing and the submission of duplicative evidence, Defendant hereby incorporates by reference its Response in Opposition to Plaintiff's Opposed Motion for Conditional Certification of an FLSA Collective Action and for an Order Permitting Court-supervised Notice of this Action to Potential Opt-in Plaintiffs, Defendant's Motion for Partial Summary Judgment and both Appendices filed by Defendant in support of those motions. (See Docket Entries # 73-77).

### IV. LEGAL STANDARD

Under authority of 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate to hear and determine pretrial matters. However, the district judge has jurisdiction over the matter at all times and may reconsider any pretrial order issued by the magistrate. *Id.; see also Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 474 (1985). The district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. FED. R. CIV. P. 72(a). Moreover, the "clearly erroneous" standard applies to the factual portions of the Magistrate Judge's decision. *See GW Equity LLC v. Xcentric Ventures LLC*, Case No. 3:07-CV-976-O, 2009 U.S. Dist. LEXIS 438 at *3 (N.D. Tex. Jan. 9, 2009). "The magistrate judge's legal conclusions are freely reviewable. The district judge applies a de

novo standard, and reverses if the magistrate judge errs in some respect in his legal conclusions." *Id.* (citations omitted).

## V. PLAINTIFF FAILED TO MAKE THE REQUISITE SHOWING TO SUPPORT CONDITIONAL CERTIFICATION

### A. The Governing Legal Standard

The FLSA does not expressly authorize the judicial involvement that Plaintiff seeks. The Act simply permits an individual to bring an action for unpaid overtime on behalf of himself "and other employees similarly situated." 29 U.S.C. § 216(b). In *Hoffmann-La Roche, Inc. v. Sperling*, the Supreme Court held that district courts "have discretion, in appropriate cases, to implement" this collective action mechanism "by facilitating notice to potential plaintiffs." 493 U.S. at 169. Court-facilitated notice, however, "is by no means mandatory . . . ." *Harris v. FFE Transp. Servs., Inc.*, No. 3:05-CV-0077-P, 2006 U.S. Dist. LEXIS 51437 at *6, (N.D. Tex. May 15, 2006). Rather, "the relevant inquiry in each particular case is whether it would be appropriate to exercise such discretion." *Id.* Nothing in *Sperling* suggests that this discretion should be exercised by ignoring the discovered facts.

Although the Fifth Circuit has never endorsed a particular methodology that court's must use to decide whether to assist in providing notice to those "similarly situated," the Magistrate Judge's Order applied a two-stage analysis used frequently by courts in the Northern District. *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995) (rev'd on other grounds); *see also Harris v. FFE Transp. Servs., Inc.*, No. 3:05-CV-0077-P, 2006 U.S. Dist. LEXIS 51437 at *6 (N.D. Tex. May 15, 2006) (denying conditional certification); *Valcho v. Dallas Co. Hosp. Dist.*, 574 F. Supp.2d 618 (N.D. Tex. 2008) (same); *Hall v. Burk*, No. 3:01-CV-2487-H, 2002 U.S. Dist. LEXIS 4163, (N.D. Tex. Mar. 11, 2002) (same). In the first stage of the analysis, the court inquires as to whether the plaintiff has provided sufficient evidence that similarly situated

plaintiffs exist. *Mooney*, 54 F.3d at 1213-14. In the second stage of the analysis, when the court has more evidence available, courts typically consider three factors: "(1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appeared to be individual to each plaintiff, and (3) fairness and procedural considerations." *Mooney*, 54 F.3d at 1213-1214.

### 1. After substantial discovery, Court inquiry is more stringent

The Northern District of Texas is one of the many federal courts that recognizes the need for a more stringent application of the two-step approach when substantial discovery has been conducted. In *Valcho v. Dallas Co. Hosp. Dist.*, 574 F. Supp.2d 618 (N.D. Tex. Aug. 19, 2008), the parties had conducted three months' of discovery when the Court considered whether to facilitate notice to potential class members. Rejecting the plaintiff's request to conditionally certify the class, the Court explained:

> One of the rationales for leniency "is that at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. This rationale disappears, however, once plaintiffs have had an opportunity to conduct discovery." Thus because the court does not intend that its powers be used for a "frivolous fishing expedition," it will hesitate to facilitate notice where a plaintiff, having already conducted discovery, still cannot support her claim with evidence.

*Id.* (citations omitted); *see also Harris*, 2006 U.S. Dist. LEXIS 51437 (holding "where the parties have had the opportunity to conduct discovery on the issue of certification, the similarly situated inquiry is more stringent. . . . Courts generally consider the evidence submitted and the two-step inquiry collapses into one."); *Aguirre v. SBC Comm., Inc.*, No. 05-3198, 2006 U.S. Dist. LEXIS 22211 (S.D. Tex. Apr. 11, 2006) (refusing to conditionally certify a class and stating, "the differences among coach leaders predominate over their similarities and will require individual inquiry at trial. Because the exempt or nonexempt status of the opt-in plaintiffs would

need to be determined on an employee-by-employee basis, litigating this case as a collective action would not be efficient.").

**The Magistrate Judge's Order recognizes the heightened standard required when substantial discovery has been conducted:**

> **In this case, Plaintiff has had over one year to conduct discovery, and apparently has made efforts to identify potential plaintiffs, garnering consent forms from twenty-eight opt-in plaintiff across at least eight states. These facts favor application of a more stringent standard as it may appear Plaintiff has, in essence, passed beyond the "notice stage."**

**(Magistrate Judge's Order, p. 4) (emphasis added).**

## VI. OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER

### A. The Magistrate Judge Erroneously Applied a Lenient Standard

Despite recognizing that the facts in this case "favor application of a more stringent standard as it may appear Plaintiff has, in essence, passed beyond the 'notice stage'," **the Magistrate Judge inexplicably applied the more lenient standard in analyzing whether the Court should conditionally certify a class and facilitate notice to thousands of potential class members.** Without citing a single point of authority, the Magistrate Judge's Order merely states:

> While the court recognizes that substantial discovery has taken place, it is not satisfied that the number of consent filings or the amount of discovery warrants either advancing directly to the "certification phase" or applying its stricter evidentiary standard.

(Magistrate Judge's Order, p. 5). On this basis alone, the Magistrate Judge's Order is clearly erroneous and contrary to the law recognized and cited in the Order.

Moreover, the Court's reason for applying the wrong standard is contrary to other well established law. First, even with respect to the lenient standard, the lack of consents militates *against* conditional certification, not in favor of it. *Valcho v. Dallas County Hosp. Dist.*, 574 F.

Supp. 2d 618, 622 (N.D. Tex. 2008) (holding "before granting court-facilitated notice, the court should satisfy itself that there are other similarly situated employees . . . who would desire to opt-in to this lawsuit.") (citing *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1992). Second, the Magistrate Judge's Order fails to address how the few remaining months left in the discovery period will change anything. The discovery *already conducted* in this case makes clear that conditional certification is inappropriate for numerous reasons—additional discovery will do nothing but further establish that this case is far too complex to be tried in a representative fashion.

The Magistrate Judge's Order recognizes that: (1) a more stringent standard is appropriate where discovery is substantially complete; (2) that discovery in this case *is* substantially complete and (3) the facts in this case "favor application of a more stringent standard . . . ." The Magistrate Judge's arbitrary decision to "apply the more lenient standard in this case" is clearly erroneous and contrary to controlling law—including that cited and recognized in the Magistrate Judge's Order.

### B. The Proposed Class is Unmanageable.

A plaintiff requesting class certification must "propose a class that is sufficiently defined and manageable from the outset." *Freeman v. Wal-Mart Stores, Inc*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003). To allow otherwise would waste the time and resources of this Court and the parties and would risk needless notification to "a large and diverse class only to later determine that the matter should not proceed as a collective action." *Id*.

Once this Court reviews the evidence, it will understand why this case does not fit within the framework Plaintiff urges upon the Court, and why the Court should not assist in notifying additional plaintiffs of this action. In particular, the principal question in this case is whether Centex can sustain its burden of proving that each of its Field Managers, such as Jason Odem,

perform job duties that qualify them as exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA"). Given the wide range of job duties and responsibilities among Field Managers, Centex will be entitled to a jury finding as to whether an exemption applies to *each* of its Field Managers.[4] The evidence already before the Court demonstrates that the differences in job duties among those who have already opted-in as plaintiffs make it impossible for the Court to present only one question to the jury regarding all plaintiffs, let alone the putative class members Odem asks this Court to help him join.

Moreover, Centex has asserted defenses that are unique to each plaintiff. By way of example, Centex's motion for summary judgment with respect to Odem and opt-in plaintiff Chad Boehne is based on the fact that they are precluded, as a matter of law, from pursuing their claims against Centex by the doctrine of judicial estoppel. Other putative class members, but not all, are barred by the statute of limitations and still others executed arbitration agreements that may preclude them from proceeding in this case. Finally, because the claims asserted by the plaintiffs are "legal," not equitable, Centex has a Seventh Amendment right to a have a jury determine, among other issues, (1) whether it has proved its claimed exemptions, and (2) the amount of backpay, if any, owed to *each* party-plaintiff. A similar conclusion was reached by the Honorable Jorge A. Solis, in one of the few FLSA exemption cases to be tried to a jury. Faced with allegations by the United States Department of Labor that a law firm's paralegals were non-exempt employees, the Honorable Solis submitted questions to the jury regarding the law firm's exemption defense with respect to each of the 23 paralegals. **Imagine the same jury charge when thousands are involved.**

---

[4] *See* U.S. Department of Labor, Employment Standards Administration, Wage and Hour Division, Fact Sheet 17R (November 2007) ("the exemption does not apply based upon job title alone, but rather . . . **a case-by-case assessment of an employee's job duties is required.** Thus, there is no blanket exemption for claims adjusters, and when such an individualized inquiry is made, some claims adjusters will fail to satisfy the tests for exemption") (emphasis added).

### C. Additional Errors in the Magistrate Judge's Order

In addition to the Magistrate Judge's erroneous application of a lenient standard that contradicts the law in the Northern District and the Magistrate Judge's own Order and facilitates the improper conditional certification of a class that cannot be effectively tried as a class action, the Order contains the following findings of fact and conclusions of law that are also objectionable:

> **1. The Magistrate Judge's Order erroneously holds that the court "must only be satisfied that the class representative is similarly situated to the potential opt-in class members in terms of job requirements and similarly situated in terms of payment provisions." (Magistrate Judge's Order, p. 5).**

Although the Magistrate Judge's application of a lenient standard is clearly erroneous, even under the lenient standard, a court still must "look to specific factual similarities or differences and manageability concerns" before granting conditional class certification. *See Ray v. Motel 6 Operating*, 1996 U.S. Dist. LEXIS 22565, *12 (D. Minn. Feb. 16, 1996) (denying conditional certification to a proposed class because the proposed class members came from "different offices" located in "different geographic locations" and reported to "different supervisors."). The evidence already adduced in this case makes clear that the Court will have considerable manageability concerns, which the Magistrate Judge failed to address in the Order. Thus, under both the stringent and lenient standards, conditional certification is not appropriate in this case.

> **2. The Magistrate Judge's Order erroneously finds that "the evidence submitted thus far demonstrates that Centex employees in positions of Field Manager I, II, and III are generally subject to the same job requirements and perform basically the same job duties." (Magistrate Judge's Order, p. 6, footnote omitted).[5]**

---

[5] The Magistrate's Order also erroneously finds: (1) "the potential class members had (or have) similar job requirements and pay provisions as the named plaintiff." (p. 7) and (2) " . . . the deposition testimony of both

**DEFENDANT'S MOTION AND BRIEF IN SUPPORT OF ITS OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER** **Page 9**

Odem's deposition testimony, the deposition testimony of six opt-in plaintiffs, the sworn declarations of current and former Field Managers who are putative class members and the deposition testimony of current and former Centex Field Managers demonstrate how their job duties differ. In addition to Plaintiff's own evidence, the record evidence includes declarations from 60 current and former Field Managers produced by Centex on October 15, 2008. These declarations remove any doubt that the duties and responsibilities for Field Managers are widely disparate and that the pay practices varied amongst various divisions of Centex and over time. Moreover, the job duties for Centex Field Managers have changed dramatically during the relevant time period. The job positions and roles in the various housing communities changed significantly over time due to market conditions and Centex's reaction to the changing market conditions. Centex reorganized job positions and implemented reductions in force in various parts of the country at different times, depending on the particular local market conditions. Consequently, the variations in job duties resulting from the reorganizations and reductions in force cannot be reviewed on a collective basis because they were staggered—various divisions were affected at different times and in different ways.

> **3. The Magistrate Judge's Order erroneously holds that "[e]ven if the determination of whether exemptions apply requires individualized inquiries, this is not the proper stage in the proceedings to address merits-based defenses. (Magistrate Judge's Order, p. 6).**

The Magistrate Judge's holding flies in the face of well established case law that directly contradicts the Magistrate Judge's Order:

> Multiple courts in this circuit and elsewhere have refused to conditionally certify a class at the first stage of the analysis when the determination of whether certain employees were improperly classified as exempt would require a highly individualized inquiry. *Aguirre v. SBC Commc'ns, Inc.*, 2006 U.S. Dist. LEXIS 22211,

---

Plaintiff and of potential plaintiffs who wish to join the suit describe substantially the same job tasks and alleged injuries (p. 7).

> No. H-05-3198, 2006 WL 964554, at *7 (S.D. Tex. Apr. 11, 2006) (finding conditional certification inappropriate where differences among the potential plaintiffs predominated over their similarities); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1274-75 (M.D. Ala. 2004) (declining to conditionally certify collective action where individualized nature of the potential plaintiff's claims would diminish "the economy of scale envisioned by the FLSA collective action procedure"); *Reich v. Homier Distributing Co.*, 362 F. Supp. 2d 1009, 1013-14 (N.D. Ind. 2005) (refusing to conditionally certify where defendant's liability to any particular plaintiff would depend on a set of facts specific to that individual); *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 498 (D. N.J. 2000) ("[M]any specific dissimilarities between the job duties of the name plaintiffs and the opt-in plaintiffs [] make certification as a collective action inappropriate."). The evidence presently before the Court shows that the differences in the named plaintiffs' job duties are significant; as such, the proper FLSA status of each employee would necessitate a fact-specific analysis of each individual plaintiff's employment terms. Such individualized analysis counsels against a collective action. Regardless of whether Plaintiffs' motion is considered through the first or second stage of the analysis, the Court does not believe that notice to potential plaintiffs is appropriate.

*Harris v. FFE Transp. Servs., Inc.*, No. 3:05-CV-0077-P, 2006 U.S. Dist. LEXIS 51437 at *14, (N.D. Tex. May 15, 2006).

The only case cited by the Magistrate Judge in support of his conclusion that an individualized analysis of exemptions does not preclude certification under the lenient standard is *Dreyer v. Baker Hughes Oilfield Ops,* No. H-08-1212-2008 U.S. Dist. LEXIS 101297, at *2 (S.D. Tex. Dec. 11, 2008). In that case, the Southern District held that it rejected cases suggesting "any inquiry into job duties defeats conditional certification" without citing a single point of authority or distinguishing the cases holding to the contrary. *Id.* Nevertheless, the Southern District still recognized that class certification is inappropriate where the job duties of the potential class members vary significantly. *Id.*

**4.     The Magistrate Judge's Order erroneously holds that "the possible applicability of one or more [exemptions] cannot defeat conditional certification." (Magistrate Judge's Order, p. 6-7).**

While the application of more than one exemption, standing alone, may not defeat conditional certification under some circumstances, conditional certification remains inappropriate where an individualized analysis of the exemptions is required. *See cases cited in subsection (C)(3))*; *see also* 29 C.F.R. 541.2 (in misclassification cases where the employer has the burden to prove that a particular exemption applies, the issue is to be resolved individually, not categorically).

**5.     The Magistrate Judge's Order is inconsistent with the Federal Rules and FLSA.**

For the reasons cited above, the Magistrate Judge's Order is inconsistent with the Federal Rules of Procedure and the FLSA. The Order facilitates notice to potential class members without explaining how the Court can possibly manage this case given that the Court must make an individualized inquiry into each class members' job duties and defenses, without determining whether Odem is an adequate representative of the proposed class and without determining whether Odem's counsel will fairly represent the needs of the potential class members. Indeed, Defendant has already filed a motion for summary judgment against Odem because he is precluded from proceeding in this case by the statute of limitations and the doctrine of judicial estoppel. (See Court's Docket Entry # 74). Because Odem is not similarly situated to the potential class members, he is not an adequate class representative. In addition, Defendant filed a motion for sanctions against Odem's counsel for failing to comply with the Court's Local Rules and improperly soliciting potential class members in violation of the Texas and Florida Rules of Professional Conduct. (See Court's Docket Entry #136). Based on counsel's disregard for the Local Rules and unethical practices, it is apparent that counsel cannot adequately

represent the proposed class.

Because this case is too complex to be tried in a representative fashion and because there is no evidence that the putative class members would be adequately and fairly represented, facilitating notice to thousands of additional plaintiffs would be an exercise in futility—one that will only result in needless expense to the parties, confusion to the opt-in plaintiffs (who will inevitably be dismissed), and a waste of this Court's resources.

## VII.   CONCLUSION

While the Fifth Circuit has declined to endorse a particular analysis applicable to determining whether conditional certification is appropriate, it has never approved the proposition advocated by the Magistrate Judge's Order—that the Court may ignore crucial evidence clearly showing that a case simply cannot proceed in a collective fashion. The Magistrate Judge's application of a lenient standard contradicts his determination that the facts in this case "favor application of a more stringent standard as it may appear Plaintiff has, in essence, passed beyond the "notice stage." The evidence already of record demonstrates the enormous difficulties the Court will face in managing this case consistent with the due process rights of the parties. By procuring a group of opt-ins, Plaintiff has provided the Court with the opportunity to determine that even among this hand-picked group, diversity in terms of job duties and responsibilities, as well as individualized defenses, it is already apparent that this case cannot be tried as a representative action—let alone with Odem, who faces his own unique defenses, as the representative. Yet, the Magistrate Judge's Order will assist in bringing additional plaintiffs into this action without any explanation as to why the formidable problems that are already apparent will not be exacerbated.

For all of the foregoing reasons, Defendants requests that the Magistrate Judge's Order be vacated and reversed.

DATED: May 11, 2009	Respectfully submitted,

LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Lock Box 116
Dallas, Texas  75201
Telephone:  (214) 880-8100
Facsimile:  (214) 880-0181

*/s/  Kimberly R. Miers*

Steven R. McCown
TX Bar Number 13466500
smccown@littler.com
Jennifer A. Youpa
TX Bar Number 01383400
jyoupa@littler.com
Allan G. King
TX Bar Number 11433200
aking@littler.com
Scott C. Sherman
TX Bar Number 24041906
ssherman@littler.com
Kim Rives Miers
TX Bar Number 24041482
kmiers@littler.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

Counsel for Defendant conferred by e-mail with Counsel for Plaintiff, Gregg Shavitz and Carlos Leach, regarding Defendant's Objections to the Magistrate Judge's Order Filed on April 29, 2009. Counsel for Plaintiff stated that they are opposed to this motion.

/*s/ Kimberly Rives Miers*
Counsel for Defendant

## CERTIFICATE OF SERVICE

On May 11, 2009, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(5):

Gregg I. Shavitz
Shavitz Law Group, P.A.
1515 South Federal Hwy.
Suite 404
Boca Raton, FL 33432

Carlos V. Leach
Morgan & Morgan P.A.
6824 Griffin Road
Davie, Fl 33314

*/s/ Kimberly R. Miers*
Kimberly R. Miers

Firmwide:89928483.1 025155.1113