IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON R. ODEM,** on his own behalf, and on behalf of those similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:08-CV-1196-L** |
| **CENTEX HOMES**, | § § | |
| Defendant. | § § | |

## ORDER

Before the court is Defendant's Objections to the Magistrate Judge's Order Filed on April 2[8], 2009, filed May 11, 2009. Defendant objects to the magistrate judge's order granting conditional certification of a class and court-facilitated notice pursuant to the Fair Labor Standards Act ("FLSA").

### I.   Factual and Procedural Background

Plaintiff Jason R. Odem ("Plaintiff") worked as a salaried "Field Manager" in Sarasota County, Florida for Defendant Centex Homes ("Defendant"), which constructs and sells single-family homes and townhomes. As Defendant's employee, Plaintiff had various duties and responsibilities in carrying out the daily operations within Defendant's construction processes.

Plaintiff alleges that he was not paid for the time spent working in excess of forty hours in one or more work weeks. Specifically, Plaintiff alleges that Defendant improperly classified Plaintiff as exempt from overtime pay requirements prescribed by the FLSA. Plaintiff states that, as a nonexempt employee, he was entitled to receive time-and-a-half pay for all work exceeding forty hours per week as required by the FLSA.

Plaintiff moved for conditional certification and court-facilitated notice pursuant to the collective action provision of the FLSA. 29 U.S.C. § 216(b). On April 28, 2009, the magistrate judge granted Plaintiff's motion. Defendant objects and contends that this ruling is erroneous and contrary to controlling law.

## II. Standard of Review

A magistrate judge may rule directly on a nondispositive pretrial motion. 28 U.S.C. § 636(b)(1)(A). A district court may modify or set aside these rulings only if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to the magistrate judge's factual determinations. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994). A magistrate judge's determination is "clearly erroneous" when, "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 481 (N.D. Tex. 2001). The "contrary to law" standard applies to the magistrate judge's legal conclusions. *Smith*, 154 F.R.D. at 665. The district court reviews a magistrate judge's legal conclusions *de novo*. *Id.*

## III. Discussion

The parties agree that the magistrate judge correctly set forth the law relating to FLSA class certification as follows:

> The FLSA allows one or more employees to sue their employer on behalf of themselves and other "similarly situated" employees. 29 U.S.C. § 216(b). When employees do so, the resulting lawsuit is called a "collective action." *See, e.g., Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 823 (N.D. Tex. 2007). An FLSA collective action, unlike a class action, requires potential plaintiffs to opt-in to the lawsuit. Like a class action, a collective action must first be certified by the court. *Id.* Collective actions under the FLSA

**Order - Page 2**

are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency by resolving in one proceeding "common issues of law and fact arising from the same alleged . . . activity." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 40 (1989).

In deciding whether to certify an FLSA collective action, district courts within the Fifth Circuit generally follow a two-stage approach. *See, e.g., Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995) (declining to adopt specific standard, but finding no abuse of discretion where district court applied prevailing standard); *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 823-24 (N.D. Tex. 2007) (stating the Fifth Circuit has not indicated a preference, but many judges in the district have applied the two-stage approach); *Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp. 2d 618 (N.D. Tex. August 19, 2008) (Fitzwater, J.) (referring to the two-stage approach as the "prevailing test among federal courts"). This Court will apply the two-stage test as it prevails in the Northern District of Texas and among other federal courts.[1] *See, e.g., Vogt v. Texas Instruments, Inc.*, No. 3:05-CV-2244-L, 2006 WL 4660134, at *2 (N.D. Tex. Sept. 19, 2006); *Harris v. Fee Transp. Servs., Inc.*, No. 3:05-CV-0077-P, 2006 WL 1994586, at *2 (N.D. Tex. May 15, 2006); *Aguilar v. Complete Landsculpture, Inc.*, No. 3:04-CV-0776-D, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004); *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161, at *1-2 (N.D. Tex. May 21, 2002); *Hall v. Burk*, No. 3:01-CV-2487-H, 2002 WL 413901, at *3 (N.D. Tex. March 11, 2002).

At the first stage of the analysis, called the "notice stage," the court determines whether potential collective action members should be notified. *See, e.g., Mooney*, 54 F.3d at 1213-14. Review at this stage is lenient; the plaintiffs must show only that there is some factual basis for trying their cases together with the cases of other potential members. *Id.* If the court finds that this standard has been met, it conditionally certifies the collective action and allows notice to be sent to potential plaintiffs. *See, e.g., Ryan*, 497 F. Supp. 2d at

---

[1] The two-stage test originated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

> 824. At the second stage, called the "certification stage," the defendant typically moves for decertification after discovery is largely complete and the case is ready for trial. *See Thiessen v. Gen. Elec. Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998); *Ryan*, 497 F. Supp.2d at 824. At this second stage, the court finally determines whether the representative plaintiff and the plaintiffs who have opted in are sufficiently similarly situated for the lawsuit to proceed as a collective action. Usually at the certification stage, the court has much more information on which to base its decision than at the notice stage, and, as a result, employs a stricter standard. *Thiessen*, 996 F. Supp. at 1080.

Order Cond. Cert. Class 2-4. Plaintiff contended that the lenient evidentiary standard that is typically used in the first stage applied. Defendant contended that the lenient standard was no longer applicable because of the significant discovery that had already occurred in the case. Although substantial discovery has already occurred, the magistrate judge determined that neither the number of consent filings nor the amount of discovery "warrant[ed] [] advancing directly to the 'certification phase' or applying [the] stricter evidentiary standard." Therefore, the magistrate judge applied the more lenient standard.

Defendant objects to the magistrate judge's order and contends that the magistrate judge should have used the stricter evidentiary standard because of the substantial discovery that has occurred in the case to date. Plaintiff responds that the stricter standard does not automatically apply "even when the case has been pending for a substantial amount of time and significant discovery has taken place." Pl.'s Resp. 6.

As previously stated, the court follows a two-stage approach to determine whether to certify an FLSA collective action. At the first stage or the "notice stage," the court determines whether similarly situated potential plaintiffs exist such that court-facilitated notice is warranted. *Valcho v. Dallas County Hosp. Dist.*, 574 F. Supp.2d 618, 621 (N.D. Tex. Aug. 19, 2008). At this stage,

"a court ordinarily possesses 'minimal evidence' and is thus instructed to apply a lenient standard in determining whether to conditionally certify." *Harris*, 2006 WL 1994586, at *3 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003). At the second stage or the "certification stage," the court determines whether the representative plaintiff and the opt-in plaintiffs are sufficiently similarly situated for the lawsuit to proceed as a collective action. *Mooney*, 54 F.3d at 1214. At this stage, the court generally has much more information on which to base its decision than it has at the notice stage, and as a result, employs a stricter standard. *See Harris*, 2006 WL 1994586, at *3. When parties have had an opportunity to conduct discovery on the certification issue, however, the similarly situated inquiry is more stringent and the two-step inquiry collapses into one. *Id.*; *Valcho*, 574 F. Supp.2d at 622.[2]

In the present case, Plaintiff has had over a year to conduct discovery related to the certification issue, and the discovery period closes on July 20, 2009. The magistrate judge recognized that "substantial discovery has already taken place." Order Cond. Cert. Class 5. "One of the rationales for leniency is that at the early stages of litigation, plaintiffs have not had time to conduct discovery and marshal their best evidence. This rationale disappears, however, once plaintiffs have had an opportunity to conduct discovery." *Valcho*, 574 F. Supp.2d at 622. Therefore, the two-step inquiry collapses into one, and the more stringent similarly situated inquiry applies. Because the magistrate judge failed to apply this standard, the court is left with the definite and firm

---

[2]Plaintiff contends that the stricter standard is not "automatically applicable" even when significant discovery has occurred. He cites cases from district courts in Minnesota, California, or New York to support this contention. The court, however, finds that the Texas district court cases cited by Defendant are persuasive and indicative of how this district determines whether to conditionally certify a class and assist in providing notice to potential plaintiffs. Accordingly, the court uses the rules from these cases to determine which standard should be used in this case.

conviction that a mistake has been committed. Therefore, the magistrate judge's ruling is clearly erroneous. Accordingly, the court **sustains** Defendant's Objections to the Magistrate Judge's Order Filed on April 2[8], 2009, **vacates** the magistrate judge's April 28, 2009 order, and **recommits** to the magistrate judge the issue of conditional class certification for consideration consistent with this opinion.

    **It is so ordered** this 16th day of June, 2009.

                                                                       */s/ Sam A. Lindsay*
                                                                       Sam A. Lindsay
                                                                       United States District Judge