IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JASON R. ODEM,** on his own behalf, and on behalf of those similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. **3:08-CV-1196-L** |
| **CENTEX HOMES**, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Opposed Motion for Conditional Certification of an FLSA Collective Action (the "Motion"), filed November 7, 2008. This case was referred to United States Magistrate Judge Paul D. Stickney on December 18, 2008, for pretrial management. On November 30, 2009, Judge Stickney filed Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), recommending that Plaintiff's motion be denied and that the opt-in plaintiffs who have joined this proceeding be dismissed without prejudice. Jason R. Odem ("Plaintiff") filed objections to the Report on January 8, 2010. Centex Homes ("Defendant") responded to Plaintiff's objections on January 28, 2010.

At the core of his objections, Plaintiff argues that the magistrate judge's analysis failed to consider that particular opt-in plaintiffs, who do not qualify for class consideration, could easily be excluded from this action through a class-specific definition. Plaintiff contends that a substantial amount of remaining similarly situated opt-in plaintiffs would meet this class-specific definition, allowing class certification to proceed. The court finds Plaintiff's argument unpersuasive.

In his Report, the magistrate judge outlined three factors for determining whether potential plaintiffs are similarly situated for the purposes of class certification: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appeared to be individual to each plaintiff; and (3) fairness and procedural considerations. Report at 4; s*ee Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 n.7 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 593 U.S. 90, 90-91 (2003). Undertaking a thorough analysis, he considered an abundance of evidence, including deposition testimony from six opt-in plaintiffs and the deposition testimony and sworn declarations of approximately sixty current and former Centex Field Managers. Consideration of this evidence led the magistrate judge to conclude that the duties and responsibilities for the proposed class of Field Managers are widely disparate, that the defenses Defendant asserts vary from plaintiff to plaintiff, and that the proposed class would be unmanageable. The court agrees.

Plaintiff presupposes that a cleverly constructed class-specific definition would cure these deficiencies. Even if the court were to employ such a class-specific definition, the difficulty in carving out an exception for Field Manager III "leads" would be significantly more burdensome than Plaintiff maintains. As Defendant correctly notes, identifying such "leads" would require an individualized analysis with respect to the job duties of every Field Manager III. Defining these job duties, and the frequency of such duties, would be troublesome insofar as classifying what constitutes a "lead." Furthermore, an inquiry would be necessary to establish whether certain class members, as Field Managers, maintained their positions as "leads" during the entire relevant period at issue in this case. In light of the extensive amount of discovery that has already occurred, the court is reluctant to issue an order that would prompt even more discovery.

**Memorandum Opinion and Order – Page 2**

Plaintiff's argument, that every prospective class member not already similarly situated to Plaintiff should be excluded to allow class certification, provides an unworkable solution. It is apparent to the court that denying class certification is the simplest and most efficient way to resolve this argument, if for no other reason than to avert the murkiness—and extensive additional cost—of carefully extracting with surgical precision the plethora of dissimilar opt-in plaintiffs from the proposed class. Allowing only Plaintiff's individual claims to proceed will resolve this problematic circumstance. Furthermore, denying class certification serves the interests of judicial economy and the avoidance of unnecessary delay, as no further discovery or expenditure will have to be conducted insofar as weeding out the unknown number within the thousands of prospective opt-in plaintiffs who are dissimilarly situated and not effectively represented by Plaintiff.

The magistrate judge extensively examined the evidence in this case and formed a reasonable and sound basis for his recommendation that class certification be denied, a recommendation that the court finds to be well taken in light of the unmanageability concerns of the proposed class and the unworkability of Plaintiff's solution to such concerns. The court concludes that allowing class certification would be futile, resulting in an unnecessary multiplication of the proceedings, a serious increase in the costs to all parties, and the inefficient, inappropriate use of judicial resources.

Having reviewed the Motion, Report, Plaintiff's objections, Defendant's response, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct. The Report is therefore **accepted** as that of the court. Accordingly, Plaintiff's Opposed Motion for Conditional Certification of an FLSA Collective Action is **denied**; the opt-in plaintiffs who have joined this proceeding are **dismissed without prejudice** from the action. This case will proceed only on Plaintiff's individual claims.

**Memorandum Opinion and Order – Page 3**

**It is so ordered** this 4th day of February, 2010

_____
Sam A. Lindsay
United States District Judge