**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JASON R. ODEM, on his own behalf, and on behalf of those similarly situated,** § § § | |
| **Plaintiff,** § | |
| v. § | Civil Action No. 3-08-CV-1196-L |
| § | |
| **CENTEX HOMES, INC., A Florida Corporation,** § § § | |
| **Defendant.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court for consideration is Plaintiff's "Motion to Retransfer Case Back to Middle District of Florida" ("Motion," doc. 210). The Court considered the Motion, Defendant's response (doc. 216) and Plaintiff's reply (doc. 220), together with the entire record in this case. For the following reasons, the District Court should deny the Motion.

**Statement of the Case**

Plaintiff initially filed this suit in the Middle District of Florida. (*Odem v. Centex*, No. 8:08-CV-166-T (M.D. Fla. July 7, 2008) Pursuant to Defendant's motion to transfer, the District Court in Florida transferred the action to this Court. *Id*. Plaintiff contends that: (1) the underlying reason for the transfer was that Plaintiff sought a class for collective action; and (2) the reason is moot because the District Court denied certification of a class action. (Pl.'s Mot. at 2.) Plaintiff argues it follows that this case should be retransferred to the Middle District of Florida. (*Id*.) Defendant contends that dismissal of a class for collective action is not grounds for retransfer. (Def.'s Resp. at 1.)

## **Standard of Review**

When an action is transferred, that which has already been done remains untouched; only further proceedings in the case are referred to another tribunal. *Magnetic Eng'g & Mfg. v. Dings Mfg.*, 178 F.2d 866, 868 (2d Cir.1950) (L. Hand, J.). Accordingly, under the law of the case doctrine, the transferee court does not directly review either the transfer order or other rulings of the transferor court. *See In re Cragar Indus.*, 706 F.2d 503, 505 (5th Cir.1983); *Roofing & Sheet Metal Serv. v. La Quinta Motor Inns*, 689 F.2d 982, 986-87 (11th Cir.1982); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 168-69 (3d Cir.1982) (evaluating § 1406(a) transfer). Nevertheless, "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618 (1983) (citations omitted). A court may reconsider a prior ruling of a transferor court when the governing law has been changed by the subsequent decision of a higher court or when new evidence becomes available. *See Crane Co. v. American Standard*, 603 F.2d 244, 248-49 (2d Cir. 1979); *Peterson v. Lindner*, 765 F.2d 698, 704 (7th Cir. 1985). Reconsideration is also proper when a clear error has been committed or when it is necessary to prevent manifest injustice. *See Arizona v. California*, 460 U.S. at 618 n.8.

The moving party must clearly demonstrate good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008). The Fifth Circuit Court of Appeals requires the "most impelling and unusual circumstances" or a "manifestly erroneous transfer order" to overcome the law of the case doctrine. *Cragar*, 706 F.2d at 505. "Failure to abide by the original transfer order contains the additional potential mischief of tossing cases back and forth to the detriment of an adjudication of the underlying merits of the case and to the respect due sister courts." *Id.*

A plaintiff's choice of forum is ordinarily entitled to considerable deference. *Piper Aircraft*

*Co. v. Reyno*, 454 U.S. 235, 255 (1981).  Nevertheless, in considering retransfer, courts consider whether the original forum is better for reasons which became known after the original transfer order and which were not anticipated.  *Cragar*, 706 F.2d 505.  In determining whether a case should be retransferred, some courts have also considered whether a transfer would prejudice the parties and the private and public interests implicated by a transfer of venue. *See Scarborough v. Nat'l Ass'n of Surety Bond Producers*, 474 F. Supp. 2d 64, 73 (D.D.C. 2007).

## Analysis

Plaintiff relies on the proposition that "retransfer of a case to the original venue is required where transfer was not proper or appropriate," citing *Illinois Union Insurance Co. v. TriCare Inc.*, 191 F. Supp. 2d 794, 800 (N.D. Tex.  2002).  In *TriCare*, the District Court retransferred the case because the *TriCare* Defendants did not demonstrate that the court had personal jurisdiction over all the defendants.  *Id*.  In fact, the District Court believed the *Tri Care* Defendants misled the transferor court into believing that a companion Texas state court action and the action to be transferred involved identical parties.  *Id*.  Plaintiff's reliance on *TriCare* is misplaced.

Plaintiff contends that the transferor court based its decision to transfer primarily on the fact that the case was brought as a nationwide class action.  (Pl.'s Mot at 2.)  The Court disagrees.  The transferor court considered all of the private and public interest factors, not simply the scope of the collective action.  (Case No. 8:08-CV-166-T, Order, July 7, 2008 (doc. 25).)  The Hon. James D. Whittemore, United States District Judge for the Middle District of Florida, considered Defendant's evidence in favor of transfer and then turned to Plaintiff's evidence. (*Id*.)  The court held that Plaintiff did not identify a single party or witness who resides in Florida. (*Id*.)  Further, the court found that Plaintiff did not even identify his own residence nor argue that he was unable to sustain

3

the costs. (*Id*.) The court also compared the case loads of both courts before making the decision to transfer. (*Id*.) Plaintiff has not shown that the transfer in this case was improper, inappropriate, or based primarily upon its potential for the addition of plaintiffs from multiple states.

This case has been pending here since 2008. After the case was transferred to this Court, substantial discovery was conducted by all the parties. Plaintiff moved for conditional certification of a collective action on November 7, 2008. The Court allowed opt-in plaintiffs to enter their appearances. Defendant filed motions to dismiss based on the statute of limitations and also sought summary judgment against Plaintiff and another opt-in Plaintiff based on judicial estoppel. The District Court denied certification of this case as a class action on February 4, 2010.[1] A scheduling order was entered. Plaintiff filed the motion to retransfer only after Defendant reurged its motion for summary judgment against him.[2] Other motions remain pending as well. Clearly, Defendant would be prejudiced by retransfer at this late stage of the proceedings, and it is not in the interest of judicial economy to retransfer the case.

Further, it is in the interest of justice that this case remain here. Nothing has occurred since the original transfer that Plaintiff could not have reasonably foreseen. Plaintiff has pointed to no new facts that have been discovered, nor has he shown that new witnesses have been located that would change the venue concerns that have already been considered by the transferor court. Plaintiff urges that *Cragar* is distinguishable because Plaintiff contested Defendant's original

---

[1] When Defendant filed its first motion for summary judgment against Plaintiff, Plaintiff sought and obtained an extension of time for discovery under FED R. CIV. P. 56(f). Therefore, the Court denied without prejudice Defendant's first motion for summary judgment to permit Plaintiff's discovery.

[2] With respect to the pending motion for summary judgment, Plaintiff has obtained four extensions of time to respond. Plaintiff sought a fifth extension to respond which the Court denied.

transfer motion in this case, whereas the transfer in *Cragar* was a tactical choice. The Court does not find this distinction persuasive.

Plaintiff has not met his burden to show good cause for retransfer. To prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense, this case should remain here.

### Recommendation

The District Court should **DENY** Plaintiff's "Motion to Retransfer Case Back to Middle District of Florida."

**SO RECOMMENDED**, May 19, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).