IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JASON R. ODEM, | ) |
|     Plaintiff, | ) |
| v. | )   CASE NO. 3:08-CV-01196-L |
| | )   ECF |
| CENTEX HOMES, A Nevada General | ) |
| Partnership, | ) |
|     Defendant. | ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court for consideration is the Motion for Summary Judgment ("Motion," doc. 207) of Defendant Centex Homes ("Defendant"). Defendant seeks judgment against Plaintiff Jason Odem ("Plaintiff"), contending that Plaintiff's claims are barred by the doctrine of judicial estoppel because he failed to list in his bankruptcy his contingent claims against Defendant. In response, Plaintiff filed notice that he does not oppose the motion for summary judgment (doc. 229).

**STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine issue of material fact" and "the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. A defendant is entitled to summary judgment when there is an absence of evidence supporting an essential element of the plaintiff's claim. *Celotex Corp.* v. *Catrett,* 477 U.S. 317, 322 (1986). No genuine issue of material fact exists where the record, taken as a whole, could not lead a rational trier-of-fact to find for the nonmoving party. *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *Adickes* v. *8.H Kress & Co.,* 398 U.S. 144, 158-60 (1970).

Plaintiff's "Notice of No Opposition" means that he has not designated specific facts

1

showing that there is a genuine issue for trial. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 165 (5th Cir. 1991)). Although Plaintiff's failure to respond does not permit the Court to enter a "default" summary judgment, the Court is allowed to accept the evidence presented by Defendant as undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim). Therefore, this Court accepts Defendant's evidentiary assertions as undisputed. *See Ragas,* 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 17 (5th Cir. 1992).

## STATEMENT OF UNDISPUTED FACTS

Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 10, 2003, and his bankruptcy schedule of personal property required that he disclose all "contingent and unliquidated claims of every nature." (APP 1-7.) Plaintiff indicated that he had no contingent or unliquidated claims. (*Id*.) The court confirmed the plan on October 7, 2004, but Plaintiff failed to make the plan payments. (*Id*.) The bankruptcy court lifted the automatic stay and dismissed Plaintiff's bankruptcy case on January 24, 2008. (*Id*. 8.) The Trustee filed a "Final Report and Accounting" on June 30, 2008, and the bankruptcy court entered an "Order Approving Chapter 13 Trustee's Report and Discharging Trustee" on August 5, 2008. (*Id*. 9-14, 17.) The Bankruptcy Court Clerk closed Plaintiff's bankruptcy case on August 8, 2008. (*Id*.) When the case concluded, some of Plaintiff's secured creditors had not been paid in full, and none of his unsecured creditors had received a single disbursement under his bankruptcy plan. (*Id*. 15-16.) On the same day that

2

the bankruptcy was dismissed, January 24, 2008, Plaintiff filed a claim on behalf of himself and other similarly situated persons against Defendant for alleged violations of the Fair Labor Standards Act ("FLSA"). (APP 18-21.) Plaintiff never amended his bankruptcy schedule to include the "contingent and unliquidated claims" for violation of the FLSA, even though the case remained open for over six months after Plaintiff filed this lawsuit.

## ANALYSIS

### Judicial Estoppel

The dispositive question on summary judgment is whether Plaintiff's failure to list his unliquidated claims against Defendant in his bankruptcy bars Plaintiff from pursuing his individual claims in this proceeding. Judicial estoppel is a common law doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire* v. *Maine,* 532 U.S. 742, 749-50 (2001). The purpose of judicial estoppel is "to protect the integrity of the judicial process" by "prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (citations omitted). Judicial estoppel is designed to protect the judicial system rather than the litigants. *In re Superior Crewboats, Inc.*, 374 F.3d 330, 334 (5th Cir. 2004). Accordingly, "detrimental reliance by the party opponent is not required." *Id.* (citation omitted).

Debtors in bankruptcy have a continuous "express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains, Inc.*,179 F.3d 197, 207-08 (5th Cir. 1999) (emphasis in original)). If the debtor has enough information before confirmation to suggest that he might have a cause of action, then the claim must be disclosed, even if it is contingent, dependent, or

3

conditional. *Coastal Plains*, 179 F.3d at 208. As the Fifth Circuit Court of Appeals has noted:

> The rationale for ... decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the *integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets.* The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding.

*Id*. (quoting *Rosenshein v. Kieban*, 918 F. Supp. 98 (S.D.N.Y.2C 1996) (emphasis added)). The Fifth Circuit has also noted that "judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset. *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600 (5th Cir. 2005). Judicial estoppel applies if: "(1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *See id.* at 206-07.

Plaintiff's claims clearly meet all three judicial estoppel factors. First, By failing to list his claims against Defendant in his bankruptcy, Plaintiff took the position that he did not have any claims against Defendant. Second, Plaintiff convinced the bankruptcy court that he did not have any unliquidated claims such as his claims against Defendant. Third, Plaintiff filed his claims against Defendant in the Middle District of Florida on the same day that the Trustee filed a motion to finalize and dismiss the bankruptcy. He filed this case eight months before the bankruptcy court closed the bankruptcy case, clearly demonstrating that Plaintiff's failure to list the claims was not inadvertent. Plaintiff does not assert mistake or inadvertence. Rather, he raises no opposition to Defendant's summary judgment claims. Accordingly, the District Court should find that Plaintiff is now judicially estopped from pursuing his claims against Defendant. Further, the District Court

should grant the Motion and enter summary judgment against Plaintiff with costs.

## Attorney's Fees and Costs for Bringing the Motion

Defendant claims that the Court should order Plaintiff to pay its costs and attorney's fees for preparing and filing the Motion and related documents. Defendant contends that its original Motion for Partial Summary Judgment ("first motion"), filed in December 2008 (doc. 73-75), sought application of the doctrine of judicial estoppel to Plaintiff. Defendant argues that despite the fact that Defendant notified Plaintiff 14 months ago that his claims were not viable, Plaintiff continued to press his claims, forcing Defendant to file the Motion.

Plaintiff cites the following cases in support of its application for attorney fees: *George* v. *Texas,* 788 F.2d 1099, 1100 (5th Cir. 1986) (affirming award of both trial and appellate attorney's fees against pro se plaintiff whose suit to protect his "right to sex" was dismissed as frivolous); *Church of Scientology* v. *Cazares,* 638 F.2d 1272, 1290 (5th Cir. 1981) (affirming award of attorney's fees to defendant on summary judgment in civil rights action where allegations failed to state civil rights claim); *Strain v. Kaufman Cty. Dist. Atty's Office*, 23 F. Supp. 2d 698, 700-03 (N.D. Tex. 1998) (affirming award of attorney's fees and costs in civil rights action where suit was filed for sole purpose of harassing defendants for oppressive reasons); *Werch* v. *City of Berlin,* 673 F.2d 192 (7th Cir. 1982) (affirming award of attorney's fees to defendants at trial and on appeal in civil rights suit where taxpayer should have known that court lacked subject matter jurisdiction over claim for injunctive relief, civil rights claim for damages was meritless, and claims against individual defendants groundless).

Defendant does not cite to any statute or rule that would entitle it to attorney's fees on the Motion, and the cases Defendant relies upon are factually and procedurally distinguishable from this

case. Here, Defendant seeks attorney fees as sanctions for filing the Motion. Most of the cases Defendant relies upon involve attorney's fees for defending frivolous civil rights actions where attorney's fees are statutory. Moreover, none of these cases involves the doctrine of judicial estoppel, application of which is left to the sound discretion of the trial court.

Plaintiff sought a continuance under FED. R. CIV. P. 56(f) with respect to the first motion, and the Court granted the continuance. Defendant has not submitted an estimate of the attorney's fees required for this Motion. However, it appears to the Court that most of the attorney's time for research and preparation of the judicial estoppel issue was necessarily completed in connection with the first motion. When Defendant filed this Motion, Plaintiff responded with a notice of no opposition. Although this Court does not condone any party's delaying or multiplying the proceedings unnecessarily in a case, Defendant has not shown that attorney's fees as sanctions are warranted for the preparation and filing of the Motion. The Court recommends that Defendant's request for attorney's fees for bringing the Motion be denied.

## **RECOMMENDATION**

Defendant's Motion should be granted in part and denied in part. The District Court should (1) exercise its discretion to apply the doctrine of judicial estoppel to Plaintiff's claims, (2) find that the claims are barred by judicial estoppel, and (3) grant summary judgment in Defendant's favor, with costs to Defendant as the prevailing party. The District Court should deny Defendant's request for attorney's fees as sanctions for preparing and filing the Motion and require each party to bear its

own attorney fees in connection with the Motion.

SO RECOMMENDED, May 28, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).